Jason M. Stone (SBN 299373)
Thomas E. Maciejewski (SBN 222736)
STONE & SALLUS, LLP
2235 Campus Drive
El Segundo, CA 90245
Telephone: (310) 889-0233
Fax: (310) 889-0230
Email: jstone@stonesalluslaw.com
        tmaciejewski@stonesalluslaw.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISU LIFE LLC, dba California Maternity Leave Consulting, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BRITTNEY O'BRIEN, an individual doing business as Itsyourleave California Parental Leave, and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Copyright Infringement**<br>2. **Breach of Contract**<br>3. **Unfair Business Practices (Cal. Business & Professions Code Section 17200, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

**COMPLAINT**

Plaintiff, SISU LIFE LLC, dba California Maternity Leave Consulting, a California limited liability company, by and through its attorneys of record, Stone & Sallus, LLP, alleges as follows:

## JURISDICTION AND VENUE

1.    This court has original jurisdiction over this action under 17 U.S.C. § 501, et seq. and 28 U.S.C. §§ 1338 (a).

2.    This court has supplemental jurisdiction over Plaintiff's second claim for relief under 28 U.S.C. § 1367 (a).

3.    Venue in this district is proper under 28 U.S.C. § 1400 (a).

## THE PARTIES

4.    Plaintiff, SISU LIFE LLC, dba California Maternity Leave Consulting, ("Sisu Life" or "Plaintiff"), is a California limited liability company doing business in the State of California.

5.    Plaintiff is informed and believes and thereon alleges that Defendant, BRITTNEY O'BRIEN ("O'Brien"), is an individual doing business as Itsyourleave California Parental Leave ("IYL") in the State of California.

6.    O'Brien markets herself as a "California parental leave strategist" through the website "itsyourleave.com" (the "IYL Website").  The IYL Website is targeted to expecting parents in all parts of the State of California.

7.    O'Brien also markets her services to expecting parents in all parts of the State of California through the social media channel Instagram.

8.    The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the true names and capacities of

**COMPLAINT**

said DOE Defendants have been ascertained.  O'Brien and DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

9.      Plaintiff is informed and believes and thereon alleges that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

10.     Plaintiff is informed and believes and thereon alleges that O'Brien and DOES 1 through 10 have acted in concert and participation with each other concerning the claims in the Complaint.

11.     Plaintiff is informed and believes and thereon alleges that O'Brien and DOES 1 through 10 were empowered to act as the agent, servant, and/or employees of each other and that the acts alleged to have been done by each of them were authorized, approved, and/or ratified by each of them.

## GENERAL ALLEGATIONS

12.     Since July 2022, Plaintiff has done business in the State of California under the name California Maternity Leave Consulting.

13.     Plaintiff markets its services, which consist of helping parents and expectant parents within the State of California maximize their parental leave benefits, through the website Californiamaternityleave.com.

14.     On or about February 17, 2024, O'Brien purchased Plaintiff's "The Maximized Maternity Leave 101" on-demand online course, completed 97% of the content, and accessed it approximately 21 times.

15.     On or about February 18, 2024, May 10, 2024, and June 25, 2024, O'Brien registered for Plaintiff's free online workshop training for employees titled "5 Critical Mistakes to Avoid When Going on Maternity Leave".

16.     On or about December 6, 2024 and January 6, 2025, O'Brien submitted a number of Plaintiff's online consulting inquiry forms, but never responded once Plaintiff provided information about the included services.

17.     In or around March 2024, O'Brien started her own business, IYL.

**COMPLAINT**

18.   O'Brien marketed her services through the IYL Website and through the social media platform Instagram.

19.   On or about March 13, 2025, Plaintiff discovered that O'Brien had started a competing business with a similar name to that used by Plaintiff.  Plaintiff discovered this because a client of O'Brien contacted Plaintiff, thinking that IYL was the same business as the business operated by Plaintiff under the name "California Maternity Leave Consulting."

20.   After reviewing the IYL Website and the materials available for purchase on the IYL Website, Plaintiff determined that IYL had plagiarized the materials available on Plaintiff's own website, Plaintiff's workshops, and Plaintiff's online on-demand courses ("Plaintiff's Copyrighted Materials").

21.   IYL reposted Plaintiff's Copyrighted Materials on the IYL Website and in its own online workshops and online on-demand courses, which Defendants offered at a lower price than that offered by Plaintiff.

22.   On or about May 7, 2025 and June 18, 2025, Plaintiff sent letters to O'Brien demanding that she cease and desist from using and distributing Plaintiff's Copyrighted Materials.

23.   On information and belief, Defendants are still using and distributing Plaintiff's Copyrighted Materials for their own IYL business to this day.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

24.    Plaintiff reincorporates and realleges all previous allegations as if restated herein.

25.   At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. § 101, et seq. and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, and/or display of Plaintiff's Copyrighted Materials throughout the United States.

**COMPLAINT**

26.     As stated above, Defendants accessed Plaintiff's Copyrighted Materials not for the purpose of obtaining Plaintiff's assistance in maximizing O'Brien's maternity leave benefits, but for the purpose of starting their own competing business.

27.     Defendants reposted Plaintiff's Copyrighted Materials, with minimal changes, on their own website and in their own workshops and online on-demand courses.

28.     On information and belief, Defendants continue to use Plaintiff's Copyrighted Materials on their own website and in their own workshops and online on-demand courses.

29.     Defendants' unauthorized reproduction, distribution, and display of Plaintiff's Copyrighted Materials infringe upon Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101, et seq.

30.     Defendants did not seek permission to use Plaintiff's Copyrighted Materials.

31.     These acts were willful, knowing, and malicious and were perpetrated without regard to Plaintiff's rights.

32.     As a proximate cause of Defendants' wrongful conduct, Plaintiff has suffered actual damages, including lost profits, lost opportunities, and loss of goodwill.

33.     Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages, including Defendants' profits, as will be proven at trial, and/or statutory damages.

34.     Pursuant to 17 U.S.C. § 505, Plaintiff may be entitled to an award of attorneys' fees.

35.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, or other use or exploitation of Plaintiff's Copyrighted Materials.

///

///

**COMPLAINT**

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Against All Defendants)

36.    Plaintiff reincorporates and realleges all previous allegations as if restated herein.

37.    On or about February 17, 2024, O'Brien, in purchasing access to Plaintiff's Copyrighted Materials, agreed to Plaintiff's Terms and Conditions as a condition of gaining access to those materials.

38.    Specifically, O'Brien agreed to the following:

> Company's Programs are copyrighted and original materials that have been provided to Client are for Client's individual use only and a single-user license. Client is not authorized to use any of Company's intellectual property for Client's business purposes. All intellectual property, including Company's copyrighted program and/or course materials, shall remain the sole property of the Sisu Life, LLC. No license to sell or distribute Company's materials is granted or implied. By purchasing this product, Client agrees (1) not to infringe any copyright, patent, trademark, trade secret, or other intellectual property rights, (2) that any Confidential Information shared by the Company is confidential and proprietary, and belongs solely and exclusively to the Company, (3) Client agrees not to disclose such information to any other person or use it in any manner other than in discussion with the Company. Further, by purchasing this product, Client agrees that if Client violates, or displays any likelihood of violating, any of Client's Agreements contained in this paragraph, the Company will be entitled to injunctive relief to prohibit any such violations and to protect against the harm of such violations.

39.    Defendants breached the Terms and Conditions by using Plaintiff's Copyrighted Materials for their own business purposes.

40.    Defendants further breached the Terms and Conditions by infringing on Plaintiff's intellectual property rights in Plaintiff's Copyrighted Materials.

41.    Defendants also breached the Terms and Conditions by disclosing Plaintiff's proprietary materials to third parties and not in the context of discussions with Plaintiff.

42. Plaintiff has suffered harm as a result of Defendants' breaches of the Terms and Conditions, including lost profits, lost opportunities, and loss of goodwill.

43. Plaintiff is entitled to disgorgement of profits realized by Defendants as a result of O'Brien's breach of the Terms and Conditions.

44. Plaintiff is further entitled, pursuant to the Terms and Conditions, to an injunction prohibiting further violations by Defendants of the Terms and Conditions.

## THIRD CLAIM FOR RELIEF

### (Unfair Business Practices (Cal. Business & Professions Code Section 17200, et seq.) – Against All Defendants)

45. Plaintiff reincorporates and realleges all previous allegations as if restated herein.

46. In reproducing, distributing, and displaying Plaintiff's Copyrighted Materials without permission, Defendants infringed upon Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101, et seq.

47. Defendants reproduced, distributed, and displayed Plaintiff's Copyrighted Materials as part of the creation and maintenance of their own competing business, undercutting Plaintiff's pricing in the process.

48. Under California Business & Professions Code Section 17200, et seq., Plaintiff is entitled to an injunction requiring Defendants to remove Plaintiff's Copyrighted Materials from any of Defendants' own materials shared with third parties and to an injunction prohibiting Defendants from reproducing, distributing, or displaying Plaintiff's Copyrighted Materials in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and for the following relief:

A. A permanent injunction prohibiting Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, from directly or

COMPLAINT

indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of, any of Plaintiff's rights protected by the Copyright Act;

B.     An award of damages pursuant to 17 U.S.C. § 504 (b), including actual damages and Defendants' profits, in an amount to be proven at trial;

C.     An award of statutory damages pursuant to 17 U.S.C. § 504 (c);

D.     An award of damages as measured by Plaintiff's lost profits as a result of Defendants' breach of contract, in an amount to be proven at trial;

E.     For disgorgement of Defendants' profits due to Defendants' breach of contract, in an amount to be proven at trial;

F.     An award of attorneys' fees;

G.     Pre-judgment and post-judgment interest according to law, as applicable; and

H.     Such other relief as this Court may deem just and proper.


Dated: May 14, 2026                                STONE & SALLUS, LLP


By:  _____
JASON M. STONE
THOMAS E. MACIEJEWSKI
Attorneys for Plaintiff,
SISU LIFE LLC, dba California
Maternity Leave Consulting

**COMPLAINT**

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.


Dated: May 14, 2026                          STONE & SALLUS, LLP

                                             By:   _____
                                             JASON M. STONE
                                             THOMAS E. MACIEJEWSKI
                                             Attorneys for Plaintiff,
                                             SISU LIFE LLC, dba California
                                             Maternity Leave Consulting

**COMPLAINT**